## RAILWAY COMPANY *v.* RENWICK.

The second section of the act of the General Assembly of Iowa, entitled "An Act in relation to riparian owners on the Mississippi and Missouri Rivers," approved March 18, 1874, is not in conflict with any statute of the United States. Where, therefore, the owner of lands on the Mississippi had made an embankment in front of them, and at its outer end beyond low-water mark erected, without the direction or consent of the Secretary of War, a stone pier or crib, this court affirms the judgment of the Supreme Court of that State, declaring that under that section a railway company cannot construct its road over the embankment between high and low water mark, unless the damages to such owner shall first be ascertained and paid.

MOTION to dismiss a writ of error to the Supreme Court of the State of Iowa, coupled with a motion under Rule 6 to affirm the judgment.

This was a proceeding under the statute of Iowa, by the Davenport and Northwestern Railway Company for the assessment of damages sustained by its appropriating lands for the

construction of its road.   Among others is a strip situate in the city of Davenport between high and low water mark on the Mississippi River.   It fronts certain lots, on which were erected a steam saw-mill, a planing-mill, and other houses. Renwick and others were in possession of the lots, and they or those under whom they claimed had made an embankment extending therefrom into the river, and erected at the end of it a stone pier, without having obtained the consent or direction of the Secretary of War.   A boom was thus formed for holding logs in front of and convenient to the mill.   The line of the railroad passes over this embankment between high and low water mark.

The railway company was authorized by law to construct its road, and the city of Davenport gave its consent to laying the tracks within its limits.

A judgment, rendered against the company by the Scott Circuit Court for the damages aforesaid, was affirmed by the Supreme Court.   This writ of error was then sued out.

Sect. 5254 of the Revised Statutes of the United States provides : —

" The owners of saw-mills on the Mississippi River are authorized and empowered, under the direction of the Secretary of War, to construct piers or cribs in front of their mill property on the banks of the river for the protection of their mills and rafts against damage by floods and ice : *Provided, however,* that the piers or cribs so constructed do not interfere with or obstruct the navigation of the river, and in case any pier or crib constructed under authority of this section shall at any time, and for any cause, be found to obstruct the navigation of the river, the government expressly reserves the right to remove or direct the removal of it, at the cost and expense of the owners thereof."

An act of the General Assembly of Iowa, approved March 18, 1874 (Public Laws of Iowa, 1874, p. 28), is as follows : —

" AN ACT in relation to Riparian Owners on the Mississippi and Missouri Rivers.

" SECT. 1. Be it enacted by the General Assembly of the State of Iowa, that all owners and lessees of lands or lots situate upon the Iowa banks of the Mississippi and Missouri Rivers, upon which

property there is now, or may hereafter be, carried on any business which is in any way connected with the navigation of said rivers, or to which the said navigation is a proper or convenient adjunct, are hereby authorized to construct and maintain, in front of their said property, piers, cribs, booms, and other proper and convenient erections and devices for the use of their respective pursuits and the protection and harbor of rafts, logs, floats, and other water-crafts: *Provided*, that the same present no material or unreasonable obstruction to the navigation of the. stream, or to a similar use of adjoining property.

" SECT. 2. It shall not be lawful for any person or corporation to construct or operate any railroad or other obstruction between such lots or lands and either of said rivers, or upon the shore or margin thereof, unless the injury and damage to such owners occasioned thereby shall be first ascertained and compensated in the manner provided by chap. 4, title 10, of the Code."

The company claimed in the courts below that the title to the soil between high and low water mark being vested in the State, a riparian owner is not entitled to damages by reason of the company's obstructing his access to the Mississippi River by their railroad in front of his premises, and that Congress, in the exercise of its exclusive jurisdiction over the navigable waters of the United States, having prescribed certain conditions on which the owners of saw-mills on the Mississippi River may erect piers or cribs in front of their property, the above act of the General Assembly of Iowa is void.

*Mr. James T. Lane* and *Mr. John N. Rogers* in support of the motions.

*Mr. James Grant, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Although the Supreme Court of Iowa decided that Congress, under the power to regulate commerce, had jurisdiction over the Mississippi River, and having exercised that power in the way specified in sect. 5254, Rev. Stat., all State legislation in conflict therewith was void, still the question remains, whether, if a riparian proprietor improves his property with a view to its use in connection with the river, without complying with

this act of Congress, a railroad company, under the power of eminent domain granted by the State, can appropriate his improvements to its own use without his consent and without making him compensation.   This, we think, is a Federal question giving us jurisdiction, but it is a question on which we do not care to hear argument.   The controversy is not between the public and the riparian owner as to his right to keep up his improvements.   The public does not complain, but the railroad company wants the improvements.   In the hands of the company they will be just as much a nuisance, so far as the public is concerned, as they can be if kept up by the owner.   As between these two parties the improvements are the property of the riparian proprietor, and if the company wants them for its own use it must make compensation.   So the court below has decided, and to our minds its decision was clearly right.   While in Iowa it has been held that the State owns the lands lying along the river between high and low water mark, care was taken in the act of March 18, 1874, to provide that it should not be lawful for any person or corporation to construct or operate any railroad or other obstruction between the shore and the river without compensation to the shore owners.   The second section of the act is good, even though the first may conflict with what Congress had before done.

The motion to dismiss is denied, but that to affirm granted.

*Judgment affirmed.*